UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUROPE COLBERT,

      Plaintiff,

                                     Case No. 26-cv-12130
v.                                 Honorable Linda V. Parker

STELLANTIS N.V.,
INTERNATIONAL UNION, UAW, and
JOHN/JANE DOE 1-30,

      Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS, DISMISSING CLAIMS AGAINST
JOHN/JANE DOE 1-30, AND REQUIRING THE FILING OF AN
AMENDED COMPLAINT**

**Background**

On June 24, 2026, Plaintiff filed this pro se lawsuit against Defendants and

an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.

(ECF Nos. 1, 2.)  In the Complaint, Plaintiff alleges hostile work environment and

retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title

VII") against her former employer, Defendant Stellantis N.V., and Jane/John Does

1-30, who she identifies as former "coworkers, supervisors, union representatives,

and other individuals who participated in, witnessed, discussed, displayed,

circulated, encouraged, or had knowledge of the conduct alleged [in the

Complaint]." (*See* ECF No. 1 at PageID.1-2.) Plaintiff also alleges a breach of duty of fair representation claim against the International Union, UAW ("UAW") which represented her during her employment with Stellantis. (*See id.*)

The Court is granting Plaintiff's IFP application. Screening Plaintiff's Complaint pursuant to § 1915, the Court concludes that she fails to state a plausible claim against Jane/John Does 1-30. Plaintiff also pleads insufficient facts to plausibly allege a retaliation claim against Stellantis. Therefore, the Court is dismissing Plaintiff's claims against the unidentified individual defendants and requiring her to file an amended complaint which includes sufficient facts to plausibly plead her retaliation claim against Stellantis, if she is able to do so.

### Legal Standard Under § 1915(e)(2)(B)(ii)

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[,]" *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "should therefore be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nevertheless, *pro se* filings must still comply with the Federal Rules of Civil Procedure, and a "[p]laintiff's *pro se* status does not absolve [the plaintiff] from adhering to the Federal or Local Rules." *See Gardener v. Michigan*, No. 14-cv-14314, 2017 WL 9472883, at *3 (E.D. Mich Feb. 9, 2017) (citing *Sueing v.*

2

*Blanchard*, No. 90-cv-10224, 2008 WL 2604976, at \*1 (E.D. Mich. June 27, 2008)); *see also* Fed. R. Civ. P. 8 (stating the rules for pleadings in federal court).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. *See* Fed. R. Civ. P. 8(a). A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Twombly*, 550 U.S. at 555. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Pursuant to § 1915, the court must dismiss a case in which the plaintiff proceeds *in forma pauperis* "at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which

3

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Even when held to a less stringent standard, Plaintiff's Complaint fails to state a plausible claim against the individual defendants and fails to satisfy Rule 8 with respect to her retaliation claim against Stellantis.

### Applications

Starting with the individual defendants, the Sixth Circuit has held that "Congress did not intend to provide for individual employee/supervisor liability under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Though Title VII's definition of "employer" includes "any agent" of an employer, courts have not construed the statute as providing a right of action against an individual defendant, but rather as incorporating respondeat superior liability. 42 U.S.C. § 2000e(b) (defining "employer"); *see Wathen*, 115 F.3d at 406 (citing *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)).

Therefore, the Court is dismissing Plaintiff's claims against Jane/John Does 1-30 because they fall outside the statutory scope of Title VII. They will be terminated as parties to this action.

Turning to Plaintiff's retaliation claim against Stellantis, "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee because [the plaintiff] has 'opposed' a practice that Title VII forbids or

4

has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Primm v. Dep't of Hum Servs.*, No. 16-6837, 2017 WL 10646487, at *3 (6th Cir. 2017) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3(a))) (ellipsis removed).  Although a plaintiff need not plead a prima facie case to plausibly plead a retaliation claim, the plaintiff must allege sufficient facts for the court to infer that the defendant retaliated against the plaintiff because of the plaintiff's protected activity.  *Ahmed v. Hamtramck Pub. Sch.*, -- F.4th --, 2026 WL 1724205, at *4 (6th Cir. 2026) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 609-10 (6th Cir. 2012)); *see also Washington v. Sodecia Auto.*, No. 25-1362, 2025 WL 2965835, *3 (6th Cir. Oct. 21, 2025) (citing *Prida v. Option Care Enters., Inc.*, No. 23-3936, 2025 WL 460206, at *6 (6th Cir. Feb. 11, 2025)).  Plaintiff sufficiently pleads facts to show that she engaged in protected activity (i.e., complaining to management about sexual harassment); however, she fails to allege a retaliatory act (i.e., an adverse employment action) taken by Defendant in response to her complaints.  Therefore, the Court is requiring her to file an amended complaint to plausibly allege her claim.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Jane/John Does 1-30 are summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and these Defendants are terminated from this action.

**IT IS FURTHER ORDERED** that **within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 and this decision, or her retaliation claim will be dismissed.[1]

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: June 29, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 29, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[1] The Court advises Plaintiff that the District's website contains information useful to pro se parties:  http://www.mied.uscourts.gov/.  Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.